J-S18012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DARLENE V. PALMER | |
| Appellant | No. 1360 EDA 2016 |

Appeal from the PCRA Order April 7, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004393-2012

BEFORE:  PANELLA, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED April 25, 2017**

Appellant, Darlene V. Palmer, appeals from the order dismissing her petition pursuant to the Post Conviction Relief Act ("PCRA") that challenged the effectiveness of her trial counsel. Darlene argues that trial counsel was not diligent in preparing for trial and therefore was unable to present a coherent defense to the charges brought against her. After careful review, we agree with the PCRA court's conclusion that Darlene has failed to establish that she suffered any prejudice from trial counsel's actions and therefore affirm.

The Commonwealth charged Darlene with acting as a lookout for her nephew, Jerrell Palmer, a drug dealer in Chester. At the bench trial on these

---

[*] Former Justice specially assigned to the Superior Court.

charges, the Commonwealth presented evidence that an undercover police officer and a confidential informant were engaged in making a controlled buy from Jerrell on April 10, 2012. They requested heroin from Jerrell, but he informed them that he could only provide them with cocaine.

After this short conversation, Jerrell left the undercover officer and informant and got in a vehicle. Darlene then stopped her vehicle near the officer and informant and asked them about the nearby hotdog stand. She proceeded to question the two about their presence in the area. After concluding her questioning, she rolled up her window and made a call on her mobile phone.

Shortly thereafter, Jerrell returned in his vehicle. He dropped a bag of cocaine near his car and instructed the officer to drop the money in the same spot after taking the cocaine. However, after picking up the baggie of cocaine, the officer handed his cash to an unidentified female in Jerrell's vehicle.

Jerrell then walked to the hotdog stand and made a purchase. He proceeded to Darlene's vehicle and handed her the cash. This was the first time he acknowledged the presence of his aunt at the scene.

At trial, the Commonwealth presented a video of the transaction, including the conversation between Darlene and the undercover officer. Furthermore, the officer testified that, in his experience, Darlene's actions

were consistent with lookouts employed by drug dealers. These lookouts are used in an attempt to screen out possible undercover police officers.

The Commonwealth also presented evidence of a similar transaction on April 16, 2012. The undercover officer testified that, once again, Darlene Palmer acted in a manner consistent with being a lookout for Jerrell Palmer's narcotics trafficking. However, the Commonwealth did not present a video recording of this transaction.

Darlene testified that she was at the scene of the transaction because she had loaned Jerrell some money. He had failed to pay her back the night before, so she had tracked him down and demanded repayment. Darlene vehemently denied being involved in trafficking narcotics. The defense also presented the testimony of two character witnesses who testified to Darlene's reputation for honesty and being a peaceful, law abiding citizen.

The trial court found Darlene guilty of delivery of cocaine, possession of cocaine, conspiracy, and possession of drug paraphernalia. It sentenced her to an aggregate period of incarceration of time served to 23 months. Darlene did not file a direct appeal. Instead, she filed this timely PCRA petition, asserting ineffectiveness of trial counsel.

After two evidentiary hearings, the PCRA court denied her relief on her petition. This timely appeal followed.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are

supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

We are to apply "a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2).

On appeal, Darlene contends that the trial court erred in concluding that trial counsel was effective. It is well settled that

> [t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012) (citation omitted). In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***See Commonwealth v. Travaglia***, 661 A.2d

352, 357 (Pa. 1995). "To establish the [prejudice] prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction." ***Commonwealth v. Spotz***, 18 A.3d 244, 260 (Pa. 2011) (citations omitted).

In her argument, Darlene contends that trial counsel was unaware of the charges relating to the controlled buy that occurred on April 16, 2012. After laying out the basis for this contention, the remainder of Darlene's argument consists of the following:

> Clearly, [trial counsel] was unaware of the April 16th controlled drug sale because he did not fully review the discovery materials available to him prior to trial. Whether this was due to [trial counsel] taking for granted there was only one alleged drug transaction, because the Commonwealth only had videotaped evidence of the April 10th transaction, mere inadvertence, or more likely the advancing debilitating illness suffered by [trial counsel], which … the prosecutor on the case[] said caused a protracted delay in the adjudication of [Darlene's] case is of no moment. Regardless of the cause of [trial counsel's] deficient review of discovery and preparation of [Darlene's] case, [trial counsel's lack of preparedness[] precluded [Darlene] from presenting a viable defense to the Commonwealth's allegations surrounding the April 16th transaction, including Appellant's claim that she asked [trial counsel] to call Kevin Nichols as an alibi witness to establish that coincident with the time and date of the April 16th transaction, she was [nowhere] near the scene when [Jerrell] dropped of his second delivery of cocaine to [the undercover officer.] Clearly, [trial counsel's failure to adequately review discovery, which precluded [Darlene's] potential alibi defense, prejudiced [her] right to a fair trial.

Appellant's Brief, at 19.

After reviewing the record, we conclude that the PCRA court did not abuse its discretion in finding that Darlene had failed to establish that she

had suffered prejudice from the failure to call to Kevin Nichols as an alibi witness. Clearly, the trial court, sitting as fact-finder, did not believe Darlene's testimony that she was not acting as a lookout for Jerrell on the April 12, 2012 transaction. The same undercover officer who testified to the April 12, 2012 transaction testified to the April 16, 2012, transaction. In both instances, he explicitly identified Darlene as being involved as a lookout for the transaction.

Darlene has presented no argument, and no evidence to support such an argument, that the trial court would have found the undercover officer not credible merely due to Kevin Nichols's alibi testimony regarding Darlene's whereabouts on April 16, 2012. Nor has she established that the trial court would have found credible her testimony that she was not present for the April 16, 2012 transaction. There is simply no evidence that Kevin Nichols's alibi testimony would have changed the trial court's determination that the undercover officer was credible. We therefore conclude that the PCRA court did not err or abuse its discretion in denying Darlene's PCRA petition.

Order affirmed. Jurisdiction relinquished.

Judge Solano joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/25/2017</u>